UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

Charles Swarzentruber,                                                                 Civil No. 06-4928  JRT/AJB

                       Petitioner,

v.

                                                  **REPORT AND RECOMMENDATION**

C. Holinka, Warden, FCI Waseca, and
United States Bureau of Prisons,

                       Respondents
.

        This matter is before the Court, Magistrate Judge Arthur J. Boylan, on Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1].  The action has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). Petitioner commenced this action seeking an order requiring the Bureau of Prisons to consider whether he should be immediately transferred to halfway house.  Petitioner challenges current BOP policy whereby eligibility for halfway house placement is evaluated only upon initial confinement and again approximately 11 to 13 months before projected release, and any halfway house placement more than 180 days before projected release is to be granted only upon the existence of unusual and extraordinary justification.  The government opposes the petition, asserting that BOP guidelines on halfway house placement are consistent with 18 U.S.C. § 3621(b), petitioner makes no claim that extraordinary justification exists for his early placement at a halfway house, inmates are not entitled to placement evaluations upon request, and prisoners have no right to incarceration at a particular facility. Petitioner contends that the BOP's policy is contrary to Congressional intent as expressed at 18 U.S.C.

§§ 3621(b) and 3624(c), the policy has been wrongly implemented in violation of the Administrative Procedures Act, and the policy violates the ex post facto clause[1] of the United States Constitution. Respondent acknowledges that the petitioner has exhausted his administrative remedies with regard to the issues raised in the petition.

## DISCUSSION

### Background and Claims

Petitioner Charles Swarzentruber is a prisoner incarcerated at the Federal Correctional Institution at Waseca, Minnesota.[2]  He is serving concurrent 188-month and 120-month sentences on drug and firearms convictions based upon a verdict entered on January 21, 2003.  Mr. Swarzentruber was sentenced on January 16, 2004, and his projected release date is September 12, 2016.  His eligibility date for halfway house placement has not yet been determined, though he has been advised that his case would be considered for referral to a Residential Reentry Center (RRC), i.e. halfway house, approximately 11 to 13 months prior to his projected release date.

The present action is essentially a variation or extension of a number of cases commenced by prisoners challenging a BOP regulation that limited an inmate's eligibility for pre-release RRC placement to ten per cent of the sentence, not to exceed six months.  That policy categorically precluded certain prisoners from receiving halfway house placement for a length of time greater than ten

---

[1] Petitioner apparently invites the court to devise a theory and argument with respect to application of the ex post facto clause, United States Constitution, Article I, Section 10, in this matter. The court declines the invitation.

[2] Background facts are taken from the inmate's petition, reply brief, and the various attachments submitted by the prisoner.  Documents contained in the court's file in this matter do not reveal the venue of the criminal action or the identity of the sentencing district court judge.

per cent of the sentence, though such time was less than the six month maximum allowed under 18 U.S.C. § 3624(c). In those cases the inmates argued that application of such policy ran contrary to a requirement that the BOP exercise its discretion regarding placement on a case-by-case basis whereby halfway house placement decisions would be based upon consideration of the nature and circumstances of the inmate's offense, the history and characteristics of the prisoner, and any statement or placement recommendation by the court that imposed the sentence. 18 U.S.C. § 3621(b).[3] This BOP policy was invalidated with respect to federal prison facilities in the Eighth Circuit by the decision in <u>Fults v. Sanders</u>, 442 F.3d 1088 (8th Cir. 2006) wherein the court held that the Bureau of Prison's regulation limiting halfway house placement to no more than ten per cent of a prisoner's sentence is in conflict with 18 U.S.C. § 3621(b) and is invalid. Under the <u>Fults</u> decision the BOP may not categorically determine the amount of halfway house placement time that a prisoner will be allowed, but rather, the BOP must exercise its discretion on a case-by-case basis and must consider the particular circumstances relating to the individual prisoner. The offending policy and its 10 per cent time limitation

---

[3] 18 U.S.C. § 3621(b) states in pertinent part:
> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility . . . that the Bureau determines to be appropriate and suitable, considering–
> (1) the resource of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed sentence–
> > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> > (B) recommending a type of penal or correctional facility as appropriate;

did not directly affect inmates serving terms longer than five years who were entitled to the maximum six-month halfway house placement allowed under 18 U.S.C. § 3624(c).[4]

As a result of the Fults decision the BOP has re-implemented the pre-2002 guidelines and policy on halfway house placement, Program Statement 7310.04, Community Corrections Center (CCC)[5] Utilization and Transfer Procedure, a policy that permits halfway house placement without either the six-month or the ten per cent limitations.  Pursuant to current policy a prisoner may obtain halfway house placement more than 180 days before projected release, but only upon the existence of unusual and extraordinary justification.  Petitioner Charles Swarzentruber now argues that the six-month RRC placement limitation, except upon unusual and extraordinary justification under Program Statement 7310.04, is also an unlawful policy because it fails to require the BOP to consider the particular circumstances relating to an individual prisoner's placement as provided at 18 U.S.C. § 3621(b).  Petitioner relies largely upon the decision and language in Fults v. Sanders, 442 F.3d 1088, and Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004), to support the claim that current policy still represents an improper "categorical exclusion" and the BOP must consider each inmate for halfway house placement on an individual basis.  He further contends that the "unusual and extraordinary justification" factor was not lawfully enacted under the Administrative Procedure Act, and therefore

---

[4] 18 U.S.C. § 3624(c) states in pertinent part:
> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community

[5] Community Corrections Centers (CCCs) are now known as Residential Reentry Centers (RRCs), and are commonly referred to as halfway houses.

constitutes a due process violation.[6] Mr. Swarzentruber contends that in light of the factors enumerated in 18 U.S.C. § 3621(b) he presently qualifies for halfway house placement. As relief in this matter he asks that the court nullify the unusual and extraordinary justification requirement of Program Statement 7310.04. He further seeks an order requiring the BOP to conduct continual and frequent halfway house transfer evaluations, desist from deferring RRC placement evaluations until 11 to 13 months prior to release, articulate the basis for its discretionary placement decisions in detailed written findings, and immediately evaluate the petitioner and promptly transfer him to a halfway house or provide a written explanation for denial of such transfer.

**Legal Analysis**

This court, as well as others in the District of Minnesota, have previously determined that federal inmates whose projected release date is more than 11 to 13 months in the future are not entitled to immediate evaluation of halfway house eligibility. In a decision that is essentially on all fours with the present action, Dortch v. Morrison, 2006 WL 2788181 (D. Minn., September 26, 2006), the district court[7] stated:

> . . . . neither Fults nor any other authority requires that the BOP
> conduct it final halfway house eligibility review on the timeframe

---

[6] In reaching the decision in Fults v. Sanders, 442 F.3d 1088, the appellate panel addressed the apparent conflict between 18 U.S.C. § 3621(b)(requiring the BOP to consider individual inmate circumstances) and 18 U.S.C. § 3621(c)(establishing a six-month maximum for halfway house placement). Petitioner now urges the court to apply the rule of lenity, citing United States v. Brown, 79 F.3d 1550 (11th Cir. 1996)("The rule of lenity commands that where there are alternative readings of a criminal statute, we are to choose the harsher only when Congress has spoken in clear and definite language."). Of course, the statutes at issue is this case are not criminal statutes, even though they may pertain to criminals, and the rule of lenity does not apply.

[7] United States District Court Judge John R. Tunheim.

>requested by petitioner. Petitioner is correct that the BOP has the *discretion* to transfer prisoners at any time during their incarceration. *See Elwood v. Jeter,* 386 F.3d 842, 847 (8th Cir 2004); 18 U.S.C. § 3621(b). However, the *obligation* under 18 U.S.C. § 3621(c) to place prisoners in an environment that affords them the opportunity to prepare for re-entry does not extend beyond the last six months of the sentence. *Id*.

Similarly, in an action for writ of mandamus and injunctive relief in which the petitioner opposed the application of Program Statement 7310.04, and sought consideration for RRC release based upon 18 U.S.C. § 3621(b) alone, the court expressly noted the absence of any "authority [that requires] the BOP to conduct a RRC eligibility review or immediately transfer a prisoner to a RRC on demand by the prisoner." McFadden v. Morrison, 2006 WL 2583417, *3 (D. Minn., September 6, 2006)[8](citing recent District of Minnesota cases holding that no inmate is entitled to a RRC review or immediate RRC transfer on demand by the prisoner and also citing Elwood v. Jeter, 386 F.3d 842, 847 (8th Cir. 2004)(finding the BOP has discretion to transfer inmates at any time, but the duty to consider transfer to an RRC only arises with respect to the last six months of a sentence)). In decisions addressing identical issues in Messner v. Morrison, 2006 WL 3080914 (D. Minn., October 27, 2006)[9] and Bradley v. Morrison, 2006 WL 3301668 (D. Minn., November 13, 2006),[10] each court explicitly determined that "Program Statement 7310.04 does not undermine the authority of 18 U.S.C. § 3621(b) and provides

---

[8] Order by United States District Court Judge Michael J. Davis, adopting the Report and Recommendation by United States Magistrate Judge Janie S. Mayeron.

[9] Order by United States District Court Judge Ann D. Montgomery, adopting the Report and Recommendation by United States Magistrate Judge Susan Richard Nelson.

[10] Order by United States District Court Judge Michael J. Davis, adopting the Report and Recommendation by United States Magistrate Judge Susan Richard Nelson.

6

for individualized RRC placement decisions . . .  A categorical exercise of discretion by the BOP is permissible where a statutory scheme requires individualized determination.  *See Lopez v. Davis*, 531 U.S. 230, 243-44 (2001)."  The BOP is not statutorily required to conduct an immediate review of petitioner Charles Swarzentruber's eligibility for halfway house placement.

With respect to petitioner's claim that Program Statement 7310.04 has been wrongly implemented in violation of the Administrative Procedures Act, the court need not consider the issue. Under 18 U.S.C. § 3621(b) and § 3621(c), the BOP has no obligation to evaluate a prisoner's eligibility for RRC transfer before the final six months of the sentence.  Elwood v. Jeter, 386 F.3d 842, 846.  In considering the agency's interpretation of the statutes, as manifested by Program Statement 7310.04, the court first considers "whether Congress has directly spoken to the precise question at issue.  If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress."  Id. at 845 (quoting Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43, 104 S.Ct. 2778 (1984).  As was the case in Elwood, Congress directly addressed the issue before the court in this case in 18 U.S.C. § 3621(b) and § 3621(c).  Therefore, the court has no need to look to the agency's interpretation of the statute.  Whether Administrative Procedures Act provisions were met, or were even applicable, in this instance is not pertinent to the precise issues now before the court.  The BOP limitation on making a RRC transfer only where there is "unusual and extraordinary justification" is simply not implicated where statute limits the BOP's duty to review a prisoner's eligibility for halfway house transfer to the final six months of the sentence.  18 U.S.C. § 3621(c).

Based upon the foregoing discussion, along with the petition and memorandum

response, **IT IS HEREBY RECOMMENDED** that petitioner Charles Swarzentruber's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **denied**  [Docket No. 1].

Dated:   April 2, 2007

   s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before April 17, 2007.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.