**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| CHARLES SWARZENTRUBER, | Civil No. 06-4928 (JRT/AJB) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS** |
| C. HOLINKA, Warden, FCI WASECA, and UNITED STATES BUREAU OF PRISONS, | |
| Respondents. | |

---

Charles Swarzentruber, #08792-029, P.O. Box 1731, Waseca, MN 56093, petitioner *pro se*.

Francis J. Magill, Jr., Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondents.

Petitioner Charles Swarzentruber filed this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner challenges Bureau of Prisons ("BOP") guidelines governing his eligibility for transfer to a Residential Reentry Center. In a Report and Recommendation dated April 2, 2007, United States Magistrate Judge Arthur J. Boylan recommended that the petition be denied. Petitioner timely objected to the Report and Recommendation. This Court has conducted a *de novo* review of the objections under 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons stated below, the Court adopts the Report and Recommendation

**BACKGROUND**

Petitioner was convicted by a jury on drug and firearm offenses on January 21, 2003. He is presently serving concurrent 188-month and 120-month sentences at the

Federal Correctional Institution at Waseca, Minnesota, with a projected release date of September 12, 2016. Petitioner's eligibility date for transfer to a Residential Reentry Center ("RRC"), or halfway house, has not yet been determined. Petitioner has been advised, however, that his case will be considered for referral approximately 11 to 13 months prior to his projected release date.

Petitioner challenges two aspects of the BOP regulations that govern prisoner eligibility for transfer to RRCs. Petitioner first argues that BOP Program Statement 7310.04, which restricts RRC placement to a maximum duration of six months except upon unusual and extraordinary justification, is unlawful because it removes BOP discretion to consider each prisoner on an individual basis. Petitioner also argues that BOP's practice of deferring RRC determinations until 11 to 13 months prior to a prisoner's projected release date violates the BOP's statutory authority as set forth in 18 U.S.C. § 3621(b).

The Magistrate Judge rejected both arguments as contrary to well-established precedent in this district and in the Eighth Circuit, and recommended that this Court deny the petition. These objections followed.

## ANALYSIS

Petitioner first argues that the BOP regulation setting a maximum RRC duration of six months, except upon unusual and extraordinary justification, unlawfully restricts BOP discretion. Under 18 U.S.C. § 3621(b), the BOP must consider various factors in determining whether a prisoner is eligible for placement in a RRC. In *Fults v. Sanders*, 442 F.3d 1088, 1091 (8th Cir. 2006), the Eighth Circuit invalidated a BOP policy that

categorically limited RRC placement to no more than ten-percent of a prisoner's sentence. The court held that the policy conflicted with § 3621(b), which required the BOP to exercise discretion on a case-by-case basis to determine prisoners' placement and transfer designations. *Id.* Petitioner argues that the BOP Program Statement 7310.04, which allows for RRC placement in excess of six months only upon unusual and exceptional justification, similarly conflicts with the discretionary factors of § 3621(b).

However, under § 3624(c), the BOP "shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, *not to exceed six months*, of the last 10 per centum of the term to be served" in a RRC. 18 U.S.C. § 3624(c) (emphasis added). As such, unlike the situation in *Fults*, Program Statement 7310.04 expressly incorporates the statutory requirement of § 3624(c) by limiting the maximum term of RRC placement to six months. While § 3621(b) sets forth discretionary factors to guide BOP's case-by-case determination of RRC eligibility, the language of § 3624(c) makes clear that the BOP's exercise of discretion is limited, to the extent practicable, to six months of RRC placement. For these reasons, the Court finds that Program Statement 7310.04 does not improperly limit the BOP's discretion to make individualized determinations of prisoners' RRC eligibility.[1]

Petitioner next argues that BOP's practice of deferring RRC determinations until 11 to 13 months prior to a prisoner's projected release date unlawfully restricts BOP's

---

[1] Petitioner also argued to the Magistrate Judge that Program Statement 7310.04 was wrongly implemented under the Administrative Procedure Act. Because the Court finds that § 3624(c) unambiguously demonstrates the intent of Congress to limit RRC placement, to the extent practicable, to six months, the Court need not address whether Program Statement 7310.04 is a reasonable interpretation of the statute. The Court agrees with the Magistrate Judge that the Program Statement gives effect to the "unambiguously expressed intent of Congress" under § 3624(c). *See Chevron, U.S.A., Inc. v. Nat'l Resources Defense Council*, 467 U.S. 837, 842-43 (1984).

discretion under § 3621(b). However, this Court has previously held that federal prisoners are not entitled to an immediate or continuing evaluation regarding their eligibility for RRC placement more than six months prior to their projected release date. *Dortch v. Morrison*, 2006 WL 2788181, at *1 (D. Minn. Sept. 26, 2006). In *Dortch*, the Court noted that while BOP has discretion to transfer prisoners at any time during their incarceration, "the *obligation* under 18 U.S.C. § 3624(c) to place prisoners in an environment that affords them the opportunity to prepare for re-entry does not extend beyond the last six months of the sentence." *Id.* (emphasis in original); *see also McFadden v. Morrison*, 2006 WL 2583417, at *3 (D. Minn. Sept. 6, 2006) (same). The petition is therefore denied on this basis.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 9] and **ADOPTS** the Report and Recommendation [Docket No. 7]. **IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 [Docket No. 1] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   October 30, 2007　　　　　　　　　　s/ John R. Tunheim   _
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　United States District Judge